

ORDERED in the Southern District of Florida on August 23, 2019.

Laurel M. Isicoff
Chief United States Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                               CASE NO. 18-16699-BKC-LMI

SANABI INVESTMENTS, LLC,                         Chapter 7

       Debtor.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### SUMMARY OF FEE APPLICATION OF VAN HORN LAW GROUP, P.A.

This matter came before the Court on August 15, 2019 on Summary of Fee Application of Van Horn Law Group, P.A. (ECF #100) (the "Application"). The Court has considered the Application, the argument of counsel for the U.S. Trustee, the argument of the Chapter 7 Trustee, as well as argument of Van Horn Law Group, P.A. (the "Applicant"). Having considered all of the foregoing, and having considered the docket in this matter, the Court has determined to allow the Applicant to retain and apply its retainer of $10,000.00 but will not authorize any further compensation.

The Bankruptcy Code outlines a strict framework for the retention and compensation of estate professionals. Estate professionals must be retained in accordance with 11 U.S.C. §327, which requires, generally, that the estate professional must be "disinterested," meaning the professional "is not a creditor, an equity security holder, or an insider" 11 U.S.C. §101(14). Once an estate professional has been retained, his or her paramount obligation is to the estate. *In re South Station, LLC*, 464 B.R. 46, 56 (Bankr.D.Utah 2011). Moreover, any Florida attorney also must comply with all of the requirements of the Rules of Professional Conduct of the Rules Regulation the Florida Bar (the "Ethics Rules"). If and as possible conflicts arise, it is the duty of the estate professional to disclose those potential conflicts so that the court and other parties in interest may determine whether the professional is no longer disinterested. *Id.* at 55; *see* 11 U.S.C. §328(c).

Compensation of estate professionals retained under section 327 is governed by 11 U.S.C. §330 which directs the court to

> consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3). The Federal Rules of Bankruptcy Procedure and this Court's Local Rules[1]

---

[1] Fed.R.Bankr.P. 2016 and Local Rule 2016-1.

require that fee applications provide specific information concerning the services rendered, including details of each time entry, hourly charge, and a description of the person whose time is being charged. However, a court's inquiry does not end there. Section 328(c) of the Bankruptcy Code states that "the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 . . .if, at any time during such professional person's employment under section 327 . . ., such professional person is not a disinterested person . . .." In *Electro-Wire Products, Inc. v. Sirote & Permutt, P.C. (In re Prince),* 40 F.3d 356 (11th Cir. 1994) the Eleventh Circuit addressed the issue of "whether a law firm's prior representations and continuing connections to a bankruptcy debtor and to other parties in interest causes a conflict of interest which prejudices or harms the debtor's estate to the extent that the firm should be denied fees for its bankruptcy representation of the debtor." *Id*. at 358. The Eleventh Circuit explained that "[l]aw firms, no matter their size, must ensure that their representations do not result in irreconcilable, intolerable conflicts that can only result in harm to their clients". *Id*. at 361.

The Court will not rehash the arguments made by the Chapter 7 trustee, most of which are well founded. The Applicant concedes that the Application did not comply with the requirements of the Bankruptcy Code or of the applicable rules, and, in recognition of that problem, as well as the many problems in the estate, offered to reduce its fee request of $62,955.00 to $20,000.00. But the problem, as the Chapter 7 trustee illustrated, goes beyond the typos, charges from other cases, charges for an attorney not licensed to practice law in Florida who was clearly practicing law, and charges for what was essentially secretarial work, although those problems were serious enough. The Applicant also violated the Ethics Rules by representing the Debtor and its principal in a manner that violated the Applicant's ethical obligations to the Debtor – by allowing the Debtor's

principal to take undisclosed distributions to fund his own chapter 13 bankruptcy plan, notwithstanding that the Debtor needed that money. While the Applicant disclosed the dual representation once the chapter 13 was filed, the Applicant never disclosed the conflict which arose due to the transfer of the funds from one debtor to the other. And while part of these problems are clearly attributable to the primary attorney handling the case, the Applicant's principal, whether or not charging for his time, had ultimate responsibility for the work that was being done and the direction of the case. The Applicant failed to recognize, or acknowledge, and certainly did not disclose, that conflict.

While the Court has the authority to deny the Applicant's request completely, and to require the Applicant to disgorge the $10,000.00 retainer, *In re Prince,* 40 F.3d at 361, the Court recognizes that the Applicant did perform certain services for the estate prior to the conflict arising. While the Chapter 7 Trustee may be correct that the case didn't have to be filed, the Court cannot fault the decision to do so based on the litigation pending at the time of the filing.

Therefore, it is ORDERED as follows:

1. The Applicant may keep its retainer of $10,000.00 and apply the retainer first to costs and then the balance, if any is remaining, to fees.
2. The balance of the Application is DENIED.

# # #

Copies furnished to:
Chad Van Horn, Esq.

Attorney Van Horn shall serve a copy of this Order upon all parties in interest and file a Certificate of Service with the Clerk of Court.